PER CURIAM.
We have for review a summary final judgment in favor of defendant, Hotelera-ma Associates (“Hotelerama”). Because *506 we disagree with the trial court’s determination that plaintiff was an employee of a subcontractor of Hotelerama for purposes of workers’ compensation immunity, we reverse.
Hotelerama owns the Fontainebleau Hotel and leases space to Club Tropigala. Club Tropigala and the Fontainebleau had an arrangement whereby a complimentary show admission for hotel guests was provided by the club. Members of the general public paid a fee of $20 for admission. In exchange, Club Tropigala received free advertising in brochures and other advertisements disseminated to hotel guests.
Carole Duran worked at Club Tropigala. Her job duties included the daily task of calling guests staying at the hotel to invite them to see a show at the club. On October 29, 2000, Duran took a bathroom break from her job at the club. Duran used the bathroom at the Fontainebleau, located one floor below the club. While in the bathroom, Duran slipped and fell. She received workers’ compensation benefits from Club Tropigala, and thereafter filed a complaint against Hotelerama.
Hotelerama moved for summary judgment on the grounds that no genuine issue of material fact existed as to its entitlement to workers’ compensation immunity. Relying on Antinarelli v. Ocean Suite Hotel, 642 So.2d 661 (Fla. 1st DCA 1994), the trial court granted summary judgment, finding that Hotelerama qualified as Duran’s statutory employer, thereby rendering the hotel immune from civil liability. We reverse.
Section 440.10(l)(b), Florida Statutes (1999), provides:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Hotelerama argues that: (1) it had an implied in fact contractual obligation to its guests to provide a complimentary pass to Club Tropigala for an evening’s entertainment; (2) by virtue of its arrangement with Club Tropigala, the club was a subcontractor with the responsibility of fulfilling the hotel’s obligations to its customers; and (3) Hotelerama is entitled to workers’ compensation immunity as against Duran, an employee of its subcontractor who was injured during the course of the subcontracted for employment.
In support of its argument, Hotelerama asserts here, as it did below, that the first district’s decision in Antinarelli v. Ocean Suite Hotel is directly on point. Although factually similar, there are key distinctions between Antinarelli and the instant case. In Antinarelli, faced with a comparable situation, the first district determined that the evidence showed the existence of a contractual obligation between a hotel and its guests. In that case, the guests of the Ocean Suite Hotel were given vouchers entitling them to a complimentary breakfast at Juniper’s Restaurant. Juniper’s Restaurant was the only establishment on the hotel’s premises to which guests were directed to redeem their coupons. However, the hotel designated several other fallback restaurants in the event that Juniper’s Restaurant was unavailable to serve the meal. Most importantly, if Juniper’s Restaurant was closed, the hotel provided a monetary refund or made other complimentary arrangements in order to fulfill its obligations. Id. at 663-64.
No such contingency plans existed at the Fontainebleau. The evidence showed that when Club Tropigala was closed or being *507 used for a private party, guests of the Fontainebleau were not offered a refund or any similar alternatives. Hotelerama failed to introduce any evidence showing otherwise. As Club Tropigala is closed two days a week, there are no doubt numerous hotel guests who could have testified about receiving refunds or alternate options. Thus, the evidence of the existence of a contractual obligation between the hotel and its guests is more compelling in Antinarelli than it is here. Simply put, the evidence in this case showed, at the most, that rather than fulfilling a contractual obligation, the Fontainebleau provided its guests with the perk of a complimentary ticket to Club Tropigala in the event that the guests were fortunate enough to stay at the hotel when the club was open to the public.
Accordingly, the summary final judgment in favor of Hotelerama is reversed and this matter is remanded for the reinstatement of Duran’s claim.